**United States Bankruptcy Court**
**Southern District of Indiana**

11-90114-BHL

In re   **Carol L. Windell**
Debtor(s)

Case No.
Chapter   **13**

# CHAPTER 13 PLAN

Original  **X**  Amendment No. __

1. **GENERAL PROVISIONS:**

   **(a) YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court. If you have a secured claim, this plan may modify your lien if you do not object to the plan.

   **(b) PROOFS OF CLAIM:** This plan does not allow claims. You must file a proof of claim to receive pre-confirmation adequate protection payments and to receive distribution under a confirmed plan. The filed proof of claim shall control as to the claim amount for pre-petition arrearages, secured and priority tax liabilities, and any payment in full offers unless specifically objected to and determined otherwise by the Court.

   **(c) ADEQUATE PROTECTION PAYMENTS:** In accordance with General Order 05-0004, any adequate protection payment offers shall be based upon 1% of the proposed allowed secured claim, although that presumption may be rebutted. The Chapter 13 Trustee ("Trustee") shall disburse such payments to the secured creditor as soon as practicable after receiving plan payments from the debtor, and the allowable secured claim will be reduced accordingly. All adequate protection payments shall be subject to the Trustee's percentage fee as set by the United States Trustee. No adequate protection payments will be made by the debtor directly to the creditor.

   **(d) EQUAL MONTHLY PAYMENTS:** The Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

   **(e) PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as an amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

2. **SUBMISSION OF INCOME:** Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the debtor as is necessary for the execution of this plan.

3. **PAYMENT AND LENGTH OF PLAN:** Debtor shall pay **$1,150.00 Monthly for 54 months** to the Chapter 13 trustee, starting not later than 30 days after the order for relief, for approximately **54** months, for a total amount of $ **62,100.00** . Additional payments to the trustee:   **None.** .

4. **ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):**
All administrative claims will be paid in full by the Trustee unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| **Richard A. Schwartz** | **Attorney Fees** | **$3,500.00** |

5. **DOMESTIC SUPPORT OBLIGATIONS:** The following Domestic Support Obligations will be paid in the manner specified:

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|---|---|---|---|
| **-NONE-** | | | |

**DEBTOR IS REQUIRED TO PAY ANY PAYMENTS FALLING DUE AFTER THE FILING OF THE CASE PURSUANT TO A DOMESTIC SUPPORT ORDER DIRECTLY TO THE PAYEE IN ORDER FOR THIS PLAN TO BE CONFIRMED AND FOR DEBTOR TO RECEIVE A DISCHARGE FROM THE COURT UPON COMPLETION OF PLAN PAYMENTS HEREIN.**

**6. SECURED CLAIMS RELATING SOLELY TO RESIDENTIAL REAL ESTATE-CURING DEFAULTS AND/OR MAINTAINING PAYMENTS (INCLUSIVE OF REAL ESTATE TAXES AND HOMEOWNER'S ASSOCIATION ARREARS):** If there is a pre-petition arrearage claim on a mortgage secured by the debtor's residential real property, then both the pre-petition arrearage and the post-petition mortgage installments shall be made through the Trustee. Initial post-petition payment arrears shall be paid with secured creditors. If there are no arrears, the debtor may pay the secured creditor directly.

| Creditor | Residential Address | Estimated Arrears | Estimated Current Monthly Installment (to be adjusted based on claim and/or notice) |
|---|---|---|---|
| **HSBC Mortgage Services** | house at 4222 Glenbrook Court, New Albany, IN 47150 | $0.00 | $130.00 |
| **Citi Mortgage, Inc.** | house at 4222 Glenbrook Court, New Albany, IN 47150 | $4,000.00 | $789.00 |

**No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.**

The arrearage includes payments thru March, 2011 in the amount of $4,000.00. The Debtor proposes to pay the routine residential mortgage payments inside the plan to CitiMortgage, Inc. commencing April, 2011. Two post petition routine mortgage payments are proposed to be included in the arrearage in order to provide sufficient time for the Chapter 13 Trustee to deliver routine mortgage payments commencing in April, 2011. Trustee shall begin disbursing funds on arrearage claims after attorney's fee has been paid in full.

*ALL NOTICES REFERENCED BELOW SHALL BE FILED WITH THE BANKRUPTCY COURT AND SERVED UPON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE:*

**DUTY OF MORTGAGE HOLDER TO FILE AND SERVE NOTICE OF PAYMENT OR SERVICER CHANGE AND ANNUAL NOTICE:** All mortgage holders shall file with the Bankruptcy Court a Notice indicating any change in the mortgage payment. This Notice shall contain the old mortgage payment amount, the new mortgage payment amount and an explanation of the reason for the change. If the change is a result of an escrow analysis, the Notice shall include the escrow calculation showing the taxes and insurance paid for the prior year. **In cases where the Trustee is disbursing the post-petition mortgage installments, absent objection, the Trustee will modify the monthly payment in accordance with the Notice provided.**

Should there be a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Bankruptcy Court a Notice setting forth the change and providing the name of the servicer, the payment address and a contact phone number. In addition, the mortgage holder shall perform an escrow analysis annually and annually file a Notice setting forth the amount of the mortgage payment regardless of whether or not a change has occurred in the prior year. All Notices shall be filed with the Bankruptcy Court and served upon the debtor, debtor's counsel and the Chapter 13 Trustee.

**DUTY OF MORTGAGE HOLDER TO FILE AND SERVE NOTICE OF PROTECTIVE ADVANCES AND/OR POST-PETITION FEES AND COSTS ASSESSED:** The mortgage holder shall timely file a Notice with the Court if the holder advances funds under the terms of the mortgage as a protective advance (e.g. forced-place insurance or property taxes due to non-payment). The mortgage holder shall file a Notice of all Post-Petition fees, costs of collection and all other contract charges assessed under the mortgage document, including attorney's fees.

**7. SECURED CLAIMS OTHER THAN CLAIMS RELATING TO RESIDENTIAL REAL ESTATE:** After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the equal monthly amount in column (6) based upon the amount of the claim [(Para. 7(a), column (4)] or value offer [(Para. 7(b), column (4)] with interest at the rate stated in column (5).

(a) **Secured Claims To Which 11 U.S.C. 506 Valuation Is Not Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Estimated Claim Amount | (5) Interest Rate | (6) Equal Monthly Amount | (7) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

Additional plan offer, if any, as relates to above claim(s):

(b) **Secured Claims To Which 11 U.S.C. 506 Valuation Is Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Value | (5) Interest Rate | (6) Equal Monthly Amount | (7) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|
| American Suzuki Automotive | 2004 Suzuki XL7 | 5/05 | $4,000.00 Claim $2,469.00 | 5.00% | $105.85 Said equal monthly payment (or as adjusted by Trustee) shall commence after attorneys fees have been paid in full. | $25.00 Creditor shall be entitled to receive said payments until the attorney fees are paid, at which time creditor will begin receiving the equal monthly installment provided for in the plan. |

Additional plan offer, if any, as relates to above claim(s):

(c) **Curing Defaults and/or Maintaining Payments:** Trustee shall pay allowed claim for arrearage, and debtor shall pay regular post-petition contract payments directly to the creditor:

| Creditor | Collateral/Type of Debt | Estimated Arrears | Interest Rate(if any) |
|---|---|---|---|
| -NONE- | | | |

(d) **Surrendered/Abandoned Collateral:** The debtor intends to surrender, and, upon confirmation, the Chapter 13 estate abandons any interest in the following collateral:

| Creditor | Collateral Surrendered/Abandoned | Scheduled Value of Property |
|---|---|---|
| -NONE- | | |

**8. SECURED TAX CLAIMS AND 11 U.S.C. 507 PRIORITY CLAIMS:** All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms). All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise:

| Creditor | Type of Priority or Secured Claim | Scheduled Debt | Treatment |
|---|---|---|---|
| -NONE- | | | |

**9. NON-PRIORITY UNSECURED CLAIMS:**

    (a) **Separately Classified or Long-term Debts:**

| Creditor | Basis for Classification | Treatment | Amount | Interest (if any) |
|---|---|---|---|---|
| -NONE- | | | | |

    (b) **General Unsecured Claims:**
     **X** Pro rata distribution from any remaining funds; or
     __ Other: __

**10. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** All executory contracts and unexpired leases are REJECTED, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
| -NONE- | | |

**11. AVOIDANCE OF LIENS.** Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions.

| Creditor | Collateral/Property Description | Amount of Lien to be Avoided |
|---|---|---|
| -NONE- | | |

**12. LIEN RETENTION.** With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) a discharge order being entered under 11 U.S.C. 1328.

**13. VESTING OF PROPERTY OF THE ESTATE.** Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the debtor upon confirmation of the debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the debtor post-petition pursuant to operation of 11 U.S.C. 1306.

**14. PAYMENT NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES):** Non-mortgage creditors in Section 7(c) (whose rights are not being modified) or in Section 10 (whose executory contracts/unexpired leases are being accepted) may continue to mail customary notices or coupons to the debtor or the Trustee notwithstanding the automatic stay.

**15. MISCELLANEOUS PROVISIONS:**

Special Intentions:
**Citi Mortgage, Inc.: Debtor(s) intend to pay this continuing claim through the plan with fixed payments of $ 789.00 per month for the duration of the plan and continue making payments after the plan term; as the same may from time to time be adjusted due to changes in variable interest rate or changes in escrow amounts as may be applicable.**

**The debtor may incur post-petition debt upon written approval from the Trustee.**

Date:  **January 17, 2011**

/s/ Carol L. Windell
Carol L. Windell
**Debtor**

/s/ Richard A. Schwartz
Richard A. Schwartz
**Debtor's Attorney**